### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In Re: | : | Chapter 11 |
|  | : |  |
| REGIONAL MEDICAL TRANSPORTATION, INC. | : | Case No. 19-15513-amc |
|  | : |  |
| Debtor | : |  |

**ORDER DISMISSING CASE PURSUANT TO 11 U.S.C. SECTIONS
1112(b), 305(a) AND 105(a) AND GRANTING RELATED RELIEF**

WHEREAS, Regional Medical Transportation, Inc. (the "Debtor") filed a voluntary Petition under Chapter 11 of the United States Bankruptcy Code on September 19, 2019, which initiated the above-captioned bankruptcy case (the "Bankruptcy Case"); and

WHEREAS, on or about March 13, 2020, the Debtor ceased operating the bulk of its business in anticipation of Governor Wolf's March 19, 2020 Order prohibiting, among other things, the Debtor's continued operations as a result of the COVID-19 pandemic; and

WHEREAS, the majority of the Debtor's business continues to be shut down to date but is anticipated to resume operations if/when state operated facilities re-open and the Debtor's services are again needed to transport students; and

WHEREAS, the Debtor submitted an application on June 29, 2020 (the "PPP Application") and subsequently obtained a Paycheck Protection Program loan (the "PPP Loan") from Republic First Bank ("Republic Bank"), guaranteed by the United States Small Business Administration ("SBA"), in the amount of $107,860.00 in unsecured

funding ("PPP Funds"), which amount the Debtor anticipated would be forgiven in accordance with the terms of the Paycheck Protection Program (the "Program"); and

WHEREAS, on July 9, 2020, the Debtor filed a Motion to Obtain Unsecured Post-Petition Financing *Nunc Pro Tunc* pursuant to 11 U.S.C. Section 364(b) ("Motion"); and

WHEREAS, on July 15, 2020, a hearing on the Motion was held on an expedited basis wherein the Debtor, the United States Department of Labor ("DOL"), Republic Bank and the SBA (collectively, "Parties") appeared, and wherein Republic Bank and the SBA objected to the Debtor's use of the PPP Funds for reasons stated at the hearing, including the Debtor's bankruptcy status and SBA guidelines prohibiting debtors in bankruptcy from obtaining a PPP loan; and

WHEREAS, on July 16, 2020, pursuant to the Parties' agreement and the Court's direction at the hearing on the Motion, the PPP Funds were removed from the Debtor's DIP account and placed into an escrow account held by Republic Bank pending entry of this Order; and

WHEREAS, the Debtor wishes to obtain a PPP loan, consistent with existing SBA guidelines and regulations, prior to the Program's current August 8, 2020 deadline, and in order to timely do so, the Parties have agreed that: (i) the Debtor will dismiss the Bankruptcy Case, without prejudice, (ii) the PPP Loan will be cancelled, rescinded and annulled, *nunc pro tunc*, as if the Loan was never made; (iii) the PPP Funds will be immediately returned to Republic Bank; and (iv) the Debtor will submit a new PPP application for consideration.

WHEREAS, the Debtor may have to file a new bankruptcy petition on its behalf if a PPP loan is not obtained or after a PPP loan is obtained in order to further re-organize;

WHEREAS, the Parties recognize the time, cost, inconvenience and uncertainty associated with pursuing and/or defending against the pending Motion, and instead desire to settle their disputes without admitting any of the allegations made against them on the terms and conditions set forth in this Order;

NOW, THEREFORE, with the foregoing background deemed incorporated herein by reference as if set forth at length, it is hereby **ORDERED** as follows:

1. The PPP Application and PPP Loan are hereby cancelled, annulled and/or rescinded *nunc pro tunc* to the application date as if the PPP Application was never submitted and the PPP Loan had never existed;

2. The PPP Funds presently held in escrow shall be immediately released and returned to Republic Bank in order to effectuate the terms of this Order, and there shall be no further amount due to or from Republic Bank, the SBA and/or or the Debtor relating to the PPP Application and/or PPP Loan;

3. The Bankruptcy Case is hereby dismissed without prejudice or bar against filing a new bankruptcy petition at any time and without leave of Court;

4. Immediately upon entry of this Order, the Debtor shall be permitted to submit a timely application for a Paycheck Protection Program loan (the "New Application") pursuant to the Program's terms, and the New Application shall not be prohibited or prejudiced solely on the basis that the Debtor submitted the PPP Application and/or received the PPP Loan;

5.   The United States Department of Labor shall not be permitted to initiate or otherwise attempt to collect any amount due from the Debtor unless the Debtor is in default pursuant to the terms of this Order;

6.   The Debtor shall commence monthly payments to the DOL as follows:

(a)   $1,500.00 on or before October 7, 2020;

(b)   $1,500.00 on or before November 7, 2020;

(c)   $1,500.00 on or before December 7, 2020;

(d)   $4,000.00 on or before January 7, 2021 and continuing monthly in the same amount, payable on the 7th of every subsequent month through and including June, 2021;

(e)   $5,000.00 on or before July 7, 2021, and continuing monthly in the same amount, payable on the 7th of every subsequent month, until full payment of the amount due to the DOL has been received from the Debtor or any obligor inclusive of all pre- and post-petition amounts paid by the Debtor, at which time any and all amounts due to the DOL shall be deemed satisfied and paid in full;

(f)   The Debtor retains its rights to object to or otherwise dispute the DOL's proof of claim in any future bankruptcy proceeding.

7.   Debtor shall not pay any wages or distribution to Mariya Broytman unless and until any and all amounts due to the DOL have been satisfied in accordance with this Order;

8.   Debtor is authorized to employ and compensate Nade Broytman and Vladislav Broytman at the rate of no more than $30,000.00 gross compensation per individual, per year.

9. Debtor shall not increase any wages or distributions to Nickanor Broytman or other members of his family above the last amounts approved by the Bankruptcy Court until any and all amounts due to the DOL have been satisfied in accordance with this order.

10. Within fifteen (15) days after written request in accordance with paragraph 11 herein, the DOL may obtain a monthly operating report consistent in form to those filed in this bankruptcy proceeding;

11. If payment in accordance with paragraph 6 of this Order is not received by the 15th day of the month in which it is due, or if the Debtor breaches any provision, term or condition of this Order, then the DOL shall notify the Debtor of its default at its address of record by U.S. Mail or private carrier with delivery confirmation. The Debtor shall have an additional fifteen (15) days from the confirmed date of delivery to cure the default. If the default is not cured within that period, the DOL is no longer bound by the terms of this Order and may pursue any and all of its available remedies;

12. Republic Bank, the SBA and the Debtor agree that, upon entry of this Consent Order, there shall be no further obligations, monetary or otherwise, due and payable to each other arising from or relating to the PPP Application, the PPP Loan and the PPP Funds; and Republic Bank, the SBA and the Debtor, together with their successors and assigns, agree to mutually release each other for good and valuable consideration, receipt and sufficiency of which is acknowledged, and do hereby forever remise, release and forever discharge each other, their successors, heirs, executors and administrators, from any and all actions and causes of actions, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims, and demands

whatsoever in law or in equity, known or unknown, which Republic Bank, the SBA and the Debtor, their successors or assigns, or any of them, hereinafter can, shall or may have, for or by reason of any claim, cause of action or interest relating to and/or arising from the PPP Application, the PPP Loan, the PPP Funds, the Motion, this Consent Order and/or the Bankruptcy Case.

13.     This Order shall be binding upon the parties hereto, their respective heirs, successors, assigns, executors, administrators, and legal and personal representatives;

14.     To the extent applicable, the 14-day stay provided by Rule 4001(a)(3) and any and all appeals periods are hereby waived such that this is a final Order.

15.     Upon entry of this Order, the Debtor may submit a New Application prior to the Program's current application deadline of August 8, 2020; and

16.     The Debtor is indebted to the United States Trustee in the sum of $2,275.00 for outstanding quarterly fees pursuant to 28 U.S.C. Section 1930(a)(6).

BY THE COURT

**Date: July 28, 2020**

_____
ASHELY M. CHAN
U.S. BANKRUPTCY JUDGE